PROVOST *v.* ROEDIEGER *et al.*

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

1. MORTGAGES—SETTING ASIDE FORECLOSURE SALE—INSANITY OF MORTGAGOR.

   A sale on foreclosure will not be set aside on the ground of the insanity of the mortgagor at the date of sale, where the affidavits fail to show with any definite particularity when the insanity commenced, and it appears that the mortgagor did not give up business until two years after the sale.

2. SAME—INADEQUACY OF PRICE.

   A petition to set aside a sale on foreclosure on the ground of inadequacy of price is properly refused where it appears that plaintiff bid in the property for $1,000, and, after holding it for more than 5½ years, paying about $1,500 in taxes, a great part of which was a lien on the premises at the date of the sale, he sold the property for $3,750, being $750 above the amount of the mortgage.

Appeal from special term, Queens county.

A petition by Patrick J. Gleason and Emma Roedieger, as administrators of Louis C. H. Roedieger, to reopen foreclosure proceedings instituted against their intestate by the plaintiff, John C. Provost. No resale was ordered, but the court ordered plaintiff to credit on the deficiency judgment the sum realized on a resale of the property, and directed the judgment to be satisfied on plaintiff's being paid the balance due. Plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Manley & Wadley,* for appellant. *A. N. Weller,* for respondents.

BARNARD, P. J. The judgment in this case was entered in March, 1884. The sale of the mortgaged property took place in May, 1884, and the same was purchased by the plaintiff for $1,000. The plaintiff expended some $1,500 in paying taxes and assessments on the property, a great part of which was a lien on the premises at the sale. In 1888 the plaintiff sold the property to a *bona fide* purchaser. Roedieger became insane, and died in 1889. The petitioners, his administrators, ask to set aside the sale because he was insane at the date of the sale, and because the price was inadequate. The affidavits failed to show with any definite particularity when the insanity commenced. The affidavit of Dr. Denler tends to show that Roedieger was insane in March, 1884, when the judgment was obtained. His testimony is shaken by the affidavit of the wife of the lunatic that he was a smart business man up to about August, 1885, and this agrees with a statement made by Dr. Denler that the manifestation of insanity which he puts in 1884 was really in 1885. He says that the incident was a year or a year and a half before the examination of the lunatic, which undoubtedly was in July, 1886. The lunatic did not give up business until May, 1886. The proof, therefore, fails to show that Roedieger was of unsound mind on or before May, 1884.

The proof as to inadequacy of price is equally unsatisfactory. The mortgage, it is true, was for $3,000, but taxes and assessments had been permitted to accumulate so as to increase the deficiency to a large amount. The bid was really about $2,500, and there was realized from the property in October, 1888, the sum of $3,750. The interest on the purchase and taxes on the property after the purchase would, with the bid, nearly or quite reach that sum. No resale was ordered, but an account was directed of payments of taxes and assessments since the purchase to be taken, and of the income received therefrom after the purchase, and before the sale, in 1888, and that the balance over expenses and the amount received in the sale by plaintiff, less the bid at the mortgage sale, be credited on the deficiency judgment. The public sale is to stand. The sale by plaintiff is to stand, but the referee is to charge the plaintiff with the amount of his sale, and with rents after the fore-

closure sale, and thereby reduce the deficiency judgment.  **The equity of this is not plain.**  The plaintiff relies on a judgment and a purchase under it.  The order upholds the judgment and sale under it, but really sets the sale aside as to the plaintiff, and makes him responsible for the proceeds of the property, and for the larger price obtained some four years after.  If the mortgage sale ought not to stand, the plaintiff should be reinstated to his rights on a resale.  The order should therefore be reversed, and the motion denied, with costs and disbursements.